,UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DAVID VIVEIROS                          :
    Plaintiff                        :    C.A. No.
                             :
v.                                      :    JURY TRIAL DEMANDED
                             :
                             :
AETNA LIFE INSURANCE COMPANY            :
    Defendant                        :

## COMPLAINT

Plaintiff David Viveiros hereby commences this action against the Defendant and alleges:

### I.    JURISDICTION AND VENUE

1.    Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 because the claims asserted herein arise under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").

2.    The Home Depot, U.S.A., Inc. (hereinafter "Home Depot") employed Plaintiff David Viveiros ("Plaintiff Viveiros") in one of its store locations and provided Plaintiff with Short Term Disability (STD) as a fringe benefit through his employment, and is a plan sponsor within the meaning of ERISA 29 U.S.C. § 2002(16)(B).

### II.    PARTIES

3.    Defendant Aetna Life Insurance Company is a corporation duly organized under the laws of the State of Connecticut, with a principal office therein.

4.    Defendant Aetna Insurance Company is the entity that administers the STD benefits as the "plan administrator" within the meaning of ERISA, 29 U.S.C. § 1002(16)(A) and § 1132 and a "fiduciary" within the meaning of 29 U.S.C. § 1002(21) of ERISA

5.   Plaintiff is a resident of the state of Rhode Island and an ERISA Plan Beneficiary within the meaning of ERISA, 29 U.S.C. § 1132(a)(1)(B) and (3).

### III.   FACT ALLEGATIONS

6.   Home Depot employed the Plaintiff full time as a "Night OPS Assistant Store Manager" until he went out of work on medical leave on or about June 30, 2017.

7.   Plaintiff initially went out of work on June 30, 2017 due to mental health issues for which Plaintiff was suffering physical manifestations.

8.   Plaintiff received effective medical treatment for his mental health issues from his primary care provider, including but not limited to prescription medication, medication adjustment and counseling.

9.   Plaintiff's primary care physician provided an out of work note for the Plaintiff for his mental health issues for the period of time of June 30, 2017 through July 27, 2017.

10.  Plaintiff's primary care physician further documented in Plaintiff's medical record and through completion of "Attending Provider Statement" forms of Aetna that the Plaintiff was totally disabled from employment due to mental health issues from June 30, 2017 through July 27, 2017.

11. At the time he went out of work due to mental health issues, Plaintiff had long suffered from painful bilateral 5th hammer toe deformities, and had foot surgery scheduled for July 27, 2017.

12. Although the disabling mental health conditions Plaintiff suffered were separate from Plaintiff's foot conditions, the pain associated with his foot conditions, the stress of working a physically demanding job on his feet, and anticipation of another painful surgery on his feet all contributed to the Plaintiff's overall mental health issues.

13. On July 27, 2017, Plaintiff underwent scheduled surgery on his feet and then was totally disabled as a result of his feet during his period of recovery.

14. At the time Plaintiff's foot surgery had arrived, Plaintiff's mental health issues had stabilized and he was no longer considered totally disabled by his primary care physician due to mental health issues.

15. Unfortunately, on September 21, 2017, prior to being fully recovered from his July 27, 2017 surgery, Plaintiff had to undergo further foot surgery to his right 5th toe.

16. Plaintiff's foot surgeon documented both in his medical records and "Attending Physician" forms completed for Aetna that the Plaintiff was totally disabled due to his foot issues from July 27, 2017 until at least 8 weeks after his second foot surgery of September 21, 2017.

17. By correspondence dated July 17, 2017, Plaintiff was denied STD benefits based on lack of medical records in the file.

18. An appeal was processed and Aetna and the Plaintiff both gathered medical documentation.

19. Plaintiff was again denied benefits by letter dated August 25, 2017.

20. Plaintiff appealed again, and Aetna issued a final decision denying STD benefits on October 26, 2017.

21. In denying benefits, Aetna opinioned that although it agreed that Plaintiff was totally disabled as a result of his foot condition as of July 27, 2017 until at least 8 weeks after his second foot surgery, or approximately November 18, 2017, it disagreed that Plaintiff was initially totally disabled due to mental health issues during the time period of June 30, 2017 through July 27, 2017, and therefore would not be paying any benefits, notwithstanding the fact that Aetna agreed his was totally disabled due to his foot issues.

22. Plaintiff was able to return to employment with Home Depot in or about December, 2017.

23. Because Plaintiff was denied STD, he was unable to apply for partial disability benefits based on Aetna's Long Term Disability (LTD) policy.

24. At this juncture, Plaintiff has exhausted all available administrative and internal appeals offered by Defendant.

25. Plaintiff respectfully submits that he stands eligible for STD benefits through the Aetna policy, as he met the policy definition of "Disabled."

26. As a result of the denial of STD benefits, Plaintiff has suffered the loss of the value of STD benefits, has been ineligible to apply for LTD benefits based on partial disability and has thus suffered the loss of the value of LTD benefits, and has suffered other pecuniary damages including attorney's fees and costs of the within litigation.

## COUNT I
## DENIAL OF PLAN BENEFITS
### 29  U.S.C. § 1132(a)(1)(B)

27. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

28. Plaintiff, at all times since June 30, 2017, has been and continues to be disabled within the meaning of the Plan, and therefore eligible to receive Short Term Disability benefits thereunder.

30. By correspondence dated October 26, 2017, Defendant made a final denial of Plaintiff's claim for benefits.

WHEREFORE, Plaintiff prays for the relief requested herein.

## COUNT II
## BREACH OF FIDUCIARY DUTY

**29 U.S.C. § 1132(a)(3)**

31.  Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

32.  Defendant stands in the position of fiduciaries to Plaintiff.

33.  In breach of their fiduciary duties, Defendant has wrongfully failed and/or refused to appropriately pay Plaintiff monthly STD benefits pursuant to the provisions and requirements of the Plan.

WHEREFORE, Plaintiff prays for the relief requested herein.

**PRAYER FOR RELIEF**

Plaintiff David Viveiros, prays that this Court grant her the following relief:

1.  Declare that Plaintiff stands entitled to Short Term Disability (STD) benefits under the terms of the LTD policy;

2.  Order Defendant to pay Plaintiff's STD benefits retroactive from June 30, 2017;

3.  Order Defendant to allow Plaintiff to apply for LTD benefits due to his on-going partial disability;

4.  Award Plaintiff reasonable attorneys fees, litigation expenses and costs;

//

//

//

//

//

5.  Award Plaintiff appropriate interest on all such monies; and

6.  Such other and further relief as the Court deems just and proper to award Plaintiff.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,
PLAINTIFF DAVID VIVEIROS
By his Attorneys,

/s/ Noelle K. Clapham
Noelle K. Clapham #5338
Vicki J. Bejma #6498
Robinson & Clapham
123 Dyer Street Suite 135
Providence, RI  02903
(401) 331-6565
(fax) 331-7888
claphamlaw@verizon.net
vbejma@smrobinsonlaw.com

6